UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:05-cr-009 |
| | ) | *Edgar* |
| RAYMOND MOLINA | ) | |

**MEMORANDUM**

Raymond Molina ("Molina") moves to suppress from use at trial any and all evidence seized during the stop and search of his vehicle [Doc. No. 13] and the eyewitness identification given by a victim [Doc. No. 19]. The Court held an evidentiary hearing on May 3, 2005. At the request of defense counsel, the Court will **RESERVE RULING** on Molina's motion to suppress the eyewitness identification so that the relevant facts can be further developed. After hearing the proof and oral argument from the parties, the Court concludes that the motion to suppress the evidence seized during the stop and search of Molina's vehicle will be **DENIED**.

**I.    Facts**

On January 1, 2005, at approximately 7:30 p.m., the Cleveland, Tennessee, Police Department received a 9-1-1 call reporting a drive-by shooting near the intersection of 14th St. SE and Lay St. SE. According to the call, a shot was fired from a small, black Nissan vehicle occupied by three African Americans at a father and his twelve-year-old son walking along the sidewalk. Fortunately the shot missed, and the victim-father placed the 9-1-1 call soon after the incident.

Lieutenant Steve Tyson ("Lt. Tyson"), a sixteen-year veteran of the Cleveland Police Department, heard the dispatch and immediately responded. One minute after receiving the dispatch, Lt. Tyson was four blocks from the location of the shooting when he observed a small,

-1-

black Nissan traveling on 10th St. SE away from the shooting. As the Nissan passed, Lt. Tyson could not see the occupants.

Lt. Tyson turned to follow the Nissan and stopped it shortly thereafter. The driver, Molina, quickly exited the Nissan. Molina's wife, the only passenger in the vehicle, remained in the car. Lt. Tyson requested that Molina come to the patrol car where Lt. Tyson requested, and Molina provided, his driver's license. Upon running Molina's license, Lt. Tyson discovered that it was suspended. Lt. Tyson requested permission to search Molina's vehicle but Molina refused. Lt. Tyson arrested Molina for driving on a suspended license and placed Molina in a patrol car.

After Lt. Tyson arrested Molina, another officer began searching the Nissan. Inside Mrs. Molina's purse, the officer found a firearm. The officer directed Mrs. Molina to get out of the car. Mrs. Molina informed the officers that the gun was her husband's and that after the shooting he gave her the gun and ordered her to put it in her purse. Mrs. Molina also told the officers that her husband had dropped off the third occupant just before driving by Lt. Tyson.

## II. Analysis

Molina seeks to suppress all evidence seized as a result of the stop and search of his vehicle, including the firearm discovered in his wife's purse as well as his wife's statements. Molina contends that Lt. Tyson did not have specific and articulable facts creating reasonable suspicion to justify a stop pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). The Court disagrees.

A law enforcement officer may stop a vehicle for investigative purposes if the officer has a reasonable suspicion that criminal activity is afoot. *Terry*, 392 U.S. at 30; *United States v. Jacob*, 377 F.3d 573, 577 (6th Cir. 2004). Reasonable suspicion is a lower standard than probable cause and requires "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *Terry*, 392 U.S. at 21; *accord Jacob*, 377 F.3d at 577. In

determining whether reasonable suspicion exists, the Court considers the totality of the circumstances.  *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *Jacob*, 377 F.3d at 577.

The facts of the instant case create a reasonable suspicion that criminal activity was afoot, justifying the *Terry* stop of Molina's vehicle.  From the victim's 9-1-1 call, Lt. Tyson knew a shot was fired from a small, black Nissan vehicle near the intersection of 14th St. SE and Lay St. SE.  Approximately one minute after receiving the dispatch, Lt. Tyson observed a small, black Nissan traveling on 10th St. SE, four blocks from the shooting.  Observing a vehicle of the same make and model of that reported in the 9-1-1 call four blocks from the shooting within minutes of the shooting creates reasonable suspicion justifying the *Terry* stop of Molina's vehicle.  Indeed, Lt. Tyson would have been derelict in his duty had he not stopped the vehicle for investigative purposes.

Though Molina does not contest the lawfulness of the subsequent search of his vehicle, the Court finds it was similarly constitutional.  Upon discovering that Molina was driving on a suspended license, Lt. Tyson exercised his discretion and arrested Molina for this offense.  The subsequent search of Molina's vehicle, resulting in discovery of the firearm and Mrs. Molina's statements, was a constitutional search incident to a lawful arrest pursuant to *New York v. Belton*, 453 U.S. 454 (1981).  For "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile."  *Belton*, 453 U.S. at 460.  Accordingly, Molina's motion to suppress the evidence seized during the stop and search of his vehicle will be **DENIED**.

A separate order will enter.

                                              */s/ R. Allan Edgar*
                                              R. ALLAN EDGAR
                                  CHIEF UNITED STATES DISTRICT JUDGE